26 F.3d 141
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RAIN BIRD SPRINKLER MFG. CORP., Rain Bird Sales, Inc.,
Camsco Mfg. Corp., and Anthony Mfg. Corp.,
Plaintiffs-Appellees,
v.
The TORO COMPANY, Defendant-Appellant.
 No. 93-1493.
 United States Court of Appeals, Federal Circuit.
 May 23, 1994.
 
 1
 Before NEWMAN and MICHEL, Circuit Judges, and MILLS,* District Judge.
 
 DECISION
 
 2
 MILLS, District Judge.
 
 
 3
 The U.S. District Court for the Central District of California entered summary judgment for Rain Bird Sprinkler Mfg. Corp., holding, on the law and undisputed facts, that a lawn sprinkler manufactured by Rain Bird did not infringe a patent held by the Toro Company.[1] We affirm.
 
 I. Background
 
 4
 The Toro Company holds patent number 4,634,052 for a specific type of rotary sprinkler head used in yard sprinkler systems. In October of 1992, Toro discovered that Rain Bird was marketing a yard sprinkler which appeared to be similar to the sprinkler Toro had patented. As a result, Toro sent a letter to Rain Bird advising Rain Bird that its product constituted an infringement of Toro's patent.
 
 
 5
 In response to that letter, Rain Bird filed a declaratory judgment action against Toro in the district court seeking a declaration that Rain Bird's sprinkler did not infringe Toro's patent. Toro then filed a counterclaim for infringement against Rain Bird.
 
 
 6
 Toro's patent is for a rotary type lawn sprinkler that has a nozzle assembly which allows the user to adjust the arc of the spray by pushing down and turning the nozzle assembly. The "claims" of the Toro patent are written in means-plus-function form as authorized by 35 U.S.C. Sec. 112 p 6, and are directed to the function of adjusting the arc by the means set forth in the specification and equivalents thereof. The district court determined that the means used by Rain Bird for accomplishing arc adjustment in its sprinklers was not of the same or equivalent structure to that shown in Toro's patent. The district court held that there was no patent infringement.
 
 
 7
 U.S. District Judge John G. Davies entered a detailed order explaining his conclusion that there were no genuine issues of material fact as to patent infringement. Rain Bird admits that its product performs the same function as the Toro sprinkler in making adjustments to the arc of the water spray. However, Judge Davies found that on the undisputed technological facts Rain Bird's design accomplishes that function in a different manner.
 
 
 8
 The district court first determined that there was no literal infringement of the Toro patent, since the claims of the Toro patent did not read on the arc adjustment method of Rain Bird. The district court then examined the Rain Bird product to determine whether it infringed the Toro patent under the "doctrine of equivalents." The district court also looked at "prior art" or previously existing sprinkler devices and found that the Rain Bird arc adjustment method was in the prior art. Thus, the district court correctly held that the Rain Bird design could not be the equivalent of the claimed Toro design. Consequently, the district court held that the Rain Bird sprinkler did not infringe the Toro patent claims, and the court entered judgment for Rain Bird.
 
 II. Law and Analysis
 
 9
 In reviewing the entry of summary judgment by a district court, the court of appeals independently examines the case to determine whether there are disputed issues of material fact and that the decision of the district court is supported by existing law. Hoganas A.B. v. Dresser Industries, Inc., 9 F.3d 948, 950 (Fed.Cir.1993). We conclude that there are no genuinely disputed material factual issues.
 
 
 10
 A product literally infringes a patent if each of the elements of the patent claim is contained in the accused product. North American Vaccine, Inc. v. American Cyanamid Co., 7 F.3d 1571, 1574 (Fed.Cir.1993). In this case, the arc adjustment means or equivalent structure, 35 U.S.C. Sec. 112 p 6, was not embodied in the Rain Bird device. Therefore, the district court properly found that Rain Bird had not literally infringed the Toro patent.
 
 
 11
 Even if a product does not amount to a literal infringement of a registered patent, however, the product may still be infringing under the "doctrine of equivalents." That doctrine prevents a manufacturer from making an insubstantial change to a patented product, that adds "nothing of significance" to the invention, in order to evade literal infringement of the patent claims. Valmont Industries, Inc v. Reinke Mfg. Co., 983 F.2d 1039, 1043 (Fed.Cir.1993). That is not the situation in this case. Rain Bird did not attempt to slightly modify one of the elements of the Toro patent claims in its own product. Rather, Rain Bird utilized a different arc adjustment means that accomplished the same function as the Toro sprinkler, namely, allowing the user to adjust the arc of the sprinkler spray, but in a way that was not substantially the same. Rain Bird's ratcheting arc adjustment means operated in a substantially different way. Consequently, the "doctrine of equivalents" is not applicable to the Rain Bird sprinkler.
 
 III. Conclusion
 
 12
 Although this is a technically complex case--as far as the engineering terminology and principles pertaining to the design and operation of the lawn sprinklers are concerned--the legal analysis is not particularly complicated. In essence, there is no patent protection afforded to a device that uses different and non-equivalent means to accomplish a similar function, as is the case here with the Rain Bird sprinkler.
 
 
 13
 As long as the competing product does not apply one of the elements of the patent claims, or attempt to insubstantially modify one of the elements, then there is no patent infringement. Rain Bird did neither of these things. Its method of allowing the consumer to adjust the arc of the spray from the sprinkler did not copy, even indirectly, one of the elements of Toro's claimed device. Rain Bird used a different way to accomplish the same function, which is not patent infringement. Consequently, the order of the district court entering summary judgment for Rain Bird is affirmed.
 
 
 
 *
 Honorable Richard Mills, District Judge, United States District Court for the Central District of Illinois, sitting by designation
 
 
 [1]
 Rain Bird Mfg. Corp. v. The Toro Co., 28 USPQ2d 1448 (C.D.Cal.1993)